## THE PEOPLE *ex rel.* JACKS *v.* DAY, Treasurer.

County Courts, under the statute, have jurisdiction in proceedings by *mandamus*, and the statute is constitutional.

Aside from previous decisions of this Court, the true construction of our Constitution (art. 6, sec. 9) is that the Legislature has power to confer on County Courts jurisdiction in such specially enumerated and defined cases, as, in its discretion, should be confided to those tribunals.

Cases from New York, quoted and approved.

In this State, a more restricted view has been taken.

*Saunders* v. *Haynes* (13 Cal.) quoted.

Appeal from the County Court of Monterey.

*R. F. Peckham,* for Appellant.

The Court below had no jurisdiction of the subject matter of the action. (Constitution, art. 6, secs. 6, 9; *Hicks* v. *Bell,* 3 Cal. 219; *Fitzgerald* v. *Urton,* 4 Id. 235; *Parsons* v. *Tuolumne Water Co.* 5 Id. 43; *Zander* v. *Coe,* Id. 231; *Brock* v. *Herrick,* Id. 279; 6 Id. 19, 447; 7 Id. 104.) *Mandamus* is a common law remedy, and belongs to Courts of general jurisdiction.

*F. M. Haight,* for Respondent.

The term "special cases" in sec. 9, art. 6 of the Constitution was intended to designate those proceedings where relief is sought by special application, or a special proceeding, and not by the ordinary actions at law or in equity. *Parsons* v. *Tuolumne Water Co.* (5 Cal.) is too broad, because, under it, "special cases" would be outside of any remedy. Courts of general jurisdiction always provided a remedy for every case involving private rights or wrongs. If *mandamus* cannot issue from a County Court, then, in all cases under two hundred dollars, there is no remedy.

If it were an open question, it might be argued, that District Courts have no jurisdiction in cases of *mandamus,* because the term "special cases" is used as distinguished from ordinary remedies by action, and if *mandamus* is generally different from an action, it is a special case. (3 Stephens' Com. Ch. 12, p. 679—682; Pr. Act, sec. 468.)

"Special cases" is equivalent to special proceeding, and this latter embraces *mandamus.* (19 Barb. 657; 2 Kern. 593; Laws of New York, 1854, ch. 270.) The cases cited from California Reports do not present the point made here.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This was an application to the Judge of the County Court of Monterey, for a *mandamus* to compel the appellant, as County Treasurer, to transfer from the Current Expense Fund to the Sinking Fund, the sum of two thousand one hundred and sixty dollars, alleged to have been in the treasury on the first of July, 1859.   To the petition the appellant filed his demurrer, which was overruled; and this order is assigned for error.   The ground of the demurrer is, that the County Judge has no jurisdiction.   It is argued that section nine of article six of the Constitution, giving to the County Courts " such jurisdiction in cases arising in Justices' Courts, and in special cases, as the Legislature may prescribe," does not include proceedings by *mandamus ;* but that these attach to the jurisdiction of the District Courts under the sixth section of the same article.

If left to our interpretation of these words, uninfluenced, by the previous decisions of this Court, we should be inclined to hold that the intent of the sixth section was to leave to the Legislature the conferring of jurisdiction upon the County Courts in such specially enumerated and defined cases, as, in its discretion, should be confided to these tribunals; that the general mass of litigation should be left to the other Courts, but that in exceptional instances, where it was thought advisable to vest jurisdiction in the County Courts, by special enactment, clearly indicating that purpose, the County Court might be invested with such powers.   And such seems to be the conclusion to which the Courts of New York—from the Constitution of which State this provision was taken—have arrived. See 18 New York R., Smith, 66, where the question is discussed with much ability and clearness.   In other cases in that State, *(People* v. *Shoemaker,* 19 Barb. 657 ; *Kundolph* v. *Thalheimer,* 2 Kernan, 593) a more restricted view seems to have been taken, and " special cases " have been defined to be " special proceedings," characteristically differing from ordinary suits at the common law; but embracing such matters as writs of *quo warranto, mandamus,* inquisitions of lunacy, and the like.   In *Saunders* v. *Haynes,* (13 Cal. 145) we adopted somewhat similar views to those in the two cases just cited.

We think that the County Court, under the Act of the Legislature, could rightfully exercise jurisdiction in this case.   This view is opposed to some *dicta* of this Court, but to no authoritative decision.

The record does not so authenticate the facts as that we can review the case on the merits, there being no sufficient statement on file. But if what purports to be the agreed statement in the transcript contains all the facts, we are unable to perceive any error in the judgment of the Court below. It is affirmed.